NATHAN JACK TOLER, a minor child,              )
b/n/f SHIRLEY LACK and                         )
SHIRLEY LACK, next of kin and as               )
Administratrix of the Estate of                )
Nathan Jack Toler, Jr.,                        )
                                               )
        Plaintiffs/Appellants,                 )      Appeal No.
                                               )      01-A-01-9605-CV-00225
v.                                             )
                                               )      Putnam Circuit
CITY OF COOKEVILLE, d/b/a                       )      No. J-5458
COOKEVILLE GENERAL HOSPITAL,                    )
NATIONAL EMERGENCY SYSTEMS,                     )
INC., d/b/a "NES", and MARK GIESE,             )
D.O., Individually, and RAY FULLER, M.D.,       )
M.D. Individually, and BAPTIST                  )
CONVENIENT CARE EAST, P.C., d/b/a               )
BAPTIST CONVENIENT CARE CENTERS,                )
INC.,                                          )
                                               )
        Defendants/Appellees.                  )

**FILED**

**February 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT FOR PUTNAM COUNTY

AT COOKEVILLE, TENNESSEE


THE HONORABLE JOHN TURNBULL, JUDGE


HELEN S. ROGERS
201 Fourth Avenue North, Suite 1550
Nashville, Tennessee 37219

LARRY L. CRAIN
101 Westpark Drive, Suite 250
Brentwood, Tennessee 37027
        ATTORNEYS FOR PLAINTIFFS/APPELLANTS


DARRELL G. TOWNSEND
DERRICK C. SMITH
Howell & Fisher
Court Square Building
300 James Robertson Parkway
Nashville, Tennessee 37201-1107
        ATTORNEYS FOR DEFENDANT/APPELLEE


AFFIRMED AND REMANDED


SAMUEL L. LEWIS, JUDGE

# O<small>PINION</small>

Appellee, Dr. Mark Giese, is one of several defendants involved in a medical malpractice suit arising out of the alleged wrongful death of Nathan Jackson Toler, Jr. The trial court entered an interlocutory order granting summary judgment to Dr. Giese based upon the plaintiffs' failure to properly secure service of process on him. Pursuant to Tenn. R. App. P. 9, Plaintiffs have appealed. We have determined that the trial court was correct and therefore affirm the grant of summary judgment.

After Mr. Toler's death in March of 1994, on 20 September 1994 the plaintiffs filed the instant complaint. On 30 September 1994, Alan Gentry, a paralegal from the plaintiffs' attorney's law firm attempted to serve the defendant, Dr. Giese, at 939 General George Patton Road in Nashville. The Return of Summons reflected the following language: "Defendant evading service. Defendant in condo and would not open door. Left copy of Summons/Complaint taped to door of condo."

Plaintiffs' first amended complaint was sent to Dr. Giese's counsel Darrell Townsend at his office on 8 November 1994. Plaintiffs' second amended complaint was sent to Dr. Giese at the General George Patton address on 24 May 1995 as well as to his attorney. On 12 June 1995, Dr. Giese answered asserting as an affirmative defense that he had not been served with process and thus recovery was barred. On 11 August 1995, Dr. Giese filed sworn Answers to Interrogatories listing his address as "3137 Parthenon Avenue, No. 5, Nashville, Tennessee 37203."

On 8 March 1996, Dr. Giese filed a motion for summary judgment asserting that he had not been served with process and that the suit against him was barred by the statute of limitations. In support of this motion, Dr. Giese submitted an affidavit stating that he did not reside at the General George Patton address on 30 September 1994, nor had he resided there since April of 1994. The affidavit contains a discrepancy in the address in dispute mentioning it first as 939 General George Patton Road and then sentences later, as 933 General George Patton Road. No supporting documentation such as a lease or a change of address form was given.

In response to Dr. Giese's motion, Plaintiffs submitted the affidavit of Mr.

Gentry which sets forth his account of locating Defendant and serving the summons. Mr. Gentry claims that after finding Dr. Giese's phone number and General George Patton Road address in the 1994 Nashville phone book, he repeatedly attempted to call the number without success. He then verified the address with the Tennessee Department of Health Osteopath Division and with the Tennessee Department of Safety. In a final attempt to substantiate this address, Mr. Gentry mailed to the address an estate planning questionnaire from his law firm with an address correction request directed to the United States postal authorities. The questionnaire was never returned nor was a forwarding address sent by the postal authorities.

Mr. Gentry claims that from 24 September through 30 September of 1994, he made many attempts to serve Dr. Giese at the General George Patton Road address. He stated that he, "could tell someone was inside the condominium, but no one would ever answer the door." A neighbor informed Mr. Gentry that Dr. Giese did live there and Mr. Gentry could see mail addressed to Dr. Giese. On 30 September 1994, Mr. Gentry saw a man fitting the description he had been given of Dr. Giese exit the condo's back door and pick up the newspaper. When he shouted, "Dr. Giese, I need to speak with you a minute," the man ran back into the condominium and shut the door. Though Mr. Gentry knocked, the man would not answer. As stated above, Mr. Gentry then left a copy of the summons and complaint on the door. In addition, Mr. Gentry mailed copies of the summons and complaint, first class postage attached with return address requested, to Dr. Giese at the same address. These documents were not returned to the law firm.

In light of the arguments of counsel and the affidavits of Mr. Gentry and Dr. Giese, the trial court found that the plaintiffs failed to properly secure service of process upon Dr. Giese under Tenn. R. Civ. P. 4.04 and failed to renew the process within the time allotted under Tenn. R. Civ. P. 3 to prevent the running of the statute of limitations. Here, the plaintiffs argue that the trial court erred in granting summary judgment to Dr. Giese based solely on his own self-serving affidavit that he was not personally served when all of his actions and those of his counsel in generally appearing and participating in the lawsuit for over ten months show his actual receipt of the complaint and all claims asserted by Plaintiffs.

Tenn. R. Civ. P. 56.03 provides that summary judgment is appropriate when

two prerequisites are met. First, there must be no genuine issue as to any fact necessary to resolve the substantive claim or defense embodied in the summary judgment motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993), and second, the moving party must be entitled to a judgment as a matter of law. *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527, 530 (Tenn. App. 1993). The legal principles which guide an appellate court's review of a trial court's grant of a motion for summary judgment are well settled. Because the trial court's decision involves only a question of law, there is no presumption of correctness attached to this decision. *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996). The appellate court need only review the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). In so doing, a court should view the evidence in the light most favorable to the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* (citing *Byrd*, 847 S.W.2d at 210-11). Summary judgment should be granted if the facts and conclusions permit a reasonable person to reach only one conclusion. *McCall v. Wilder*, 913 S.W.2d 150, 152 (Tenn. 1995).

I.

Though the thrust of Plaintiffs' argument is that Defendant waived any objection to defects in the service of process, Plaintiffs also assert that, under the circumstances, taping the summons and complaint to the condo door constituted valid service. The Rules of Civil Procedure govern the service of process, both personal and by mail. Thus, we turn first to the pertinent provisions of the Rules in determining whether the defendant was properly served. Rule 4.04 provides the following with regard to personal service:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
> (1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive

service on behalf of the individual served.

Viewing the evidence in a light most favorable to the plaintiffs, it is clear that the defendant, Dr. Giese, was not served in compliance with Rule 4.04(1). The sole affidavit presented by the plaintiffs establishes that the plaintiffs, through Mr. Gentry, left the appropriate papers on the doorstep and therefore failed to personally serve Dr. Giese "by delivering a copy of the summons and of the complaint to [him] personally." *Id.* If we infer from Mr. Gentry's affidavit that Dr. Giese was living in the condo at General George Patton Road and that he was the man who ran into the home when approached by Mr. Gentry, we would conclude that Dr. Giese was attempting to evade service of process. In that case, service in compliance with Rule 4.04 would mean "leaving copies thereof at [Dr. Giese's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." *Id*. While it is perhaps reasonable to infer from Mr. Gentry's affidavit that 939 General George Patton Road was the defendant's "dwelling house," the "Return on Service of Summons" as well as Mr. Gentry's testimony in his affidavit evidence that he merely taped a copy of the summons and complaint to the door failing to leave these documents with a person.

In *Wachovia Bank Card Servs. v. Overton*, No. 03A01-9510-CV-00373, 1996 WL 64004 (Tenn. App. 1996), this court held that service under very similar circumstances did not comply with Rule 4.04. In that case, the process server went to the defendant's home where lights were on and the door was cracked. A car with a license tag that was registered to the defendant was in the driveway; however, no one answered the door. The process server said that "[he] attached the Warrant and [his] card to the front screen door and said [Defendant] you have been served by Evading Service." *Id*. at *1. In holding that such service was inadequate under the rule, the court quoted the advisory commission comment emphasizing the part which states that "the Rule adds a provision, for protection of the defendant, that the copies must be left with a person of suitable age and discretion residing therein, and requires that person's name appear on the proof of service." *Id.* at *2 (quoting Tenn. R. Civ. P. 4.04 advisory commission comment). In the case at bar, the defendant was not afforded the protection which the Rule for substituted service provides.

Finally, the plaintiffs allege that they mailed "a copy of the summons and complaint, first class postage attached with return address requested, to the defendant, Mark Giese, at 939 General George Patton Drive, Nashville, Tennessee 37211." With regard to service by mail, the Rule provides as follows:

> (12) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. . . . <u>Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant</u>. . . . Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.04(12) (emphasis added). Again, if we were to infer from Mr. Gentry's affidavit that Dr. Giese lived at 939 General George Patton Road, the plaintiffs still failed to comply with the rule's requirement to send "a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail." *Id.* In conclusion, the only reasonable inferences to be drawn from the facts surrounding the plaintiffs' attempts to serve the defendant show clearly that the plaintiffs failed to comply with the provisions of Rule 4.04.

## II.

Plaintiffs claim that even if they failed to comply with Rule 4.04, the defendant's entry of an appearance and participation as a party constitutes a waiver of his objection to any defect in the service of process. In so arguing, the plaintiffs cite Tennessee cases which hold that the objections to service are waived when a defendant enters a general appearance. For example, the court in *Hall v. Jordan*, 227 S.W.2d 35, 38 (Tenn. 1950), held that "[w]hatever might have been defendant's objection to the original attachment and publication as securing valid service on him, that objection was waived or cured when he came into Court, secured the setting aside of the pro confesso, and by grace of the Chancellor, was permitted to and did file an answer in which he entered a general appearance to make defense to the original bill on its merits." *See also State v. Strickland*, 532 S.W.2d 912, 920 (Tenn. 1975) (citing *State v. Collier*, 23 S.W.2d 897 (Tenn. 1930) (stating "the rule that objections

to the sufficiency of service of process must be made prior to appearance of the defendant and his defending on the merits."))

However, since the time of the decisions presented by the plaintiffs, the Rules of Civil Procedure have been enacted. The Supreme Court has held that the Rules of Civil Procedure are "laws" of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by this Court and adopted by the General Assembly. *State v. Hodges*, 815 S.W.2d 151, 155 (Tenn. 1991) (quoting *Tennessee Dep't of Human Servs. v. Vaughn*, 595 S.W.2d 62, 63 (Tenn.1980)). As the Rules are the laws of this state, conflicting case law cannot stand. *See Landers v. Jones*, 872 S.W.2d 674, 677 (Tenn. 1994).

The Tennessee Rules of Civil Procedure specifically address the defense of insufficiency of process. Section 12.02 provides that this defense, among others, "shall be asserted in the responsive pleading [to the claim for relief]" and "may at the option of the pleader be made by motion in writing." Here, by including insufficiency of process as an affirmative defense in his answer which was his first responsive pleading, the defendant was in precise compliance with Rule 12.02's requirement for preserving this defense. Furthermore, the Rules include a section on "Waiver of Defenses." Rule 12.08 states that "[a] party waives all defenses and objections which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply." *See Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. App. 1988) (stating that "if a party makes a general appearance <u>and does not take issue</u> with venue, adequacy of service of process, personal jurisdiction, or other similar matters, the courts customarily find that the party has waived its objections to these matters") (emphasis added). Thus the rules directly contradict the plaintiffs' assertion that by merely filing an answer, a defendant waives the defense of insufficient process.

Plaintiffs contend that Defendant's filing of the answer indicated that he had actual notice. Thus, according to Plaintiffs, Defendant is precluded from complaining about defects in service of process, the object of which is to give notice. However, the rule fully contemplates and even mandates the inclusion of this defense in the

answer. To the extent that prior judicial decisions hold that such action on the part of a defendant constitutes a waiver of such defenses, they have been overruled. *See Landers*, 872 S.W.2d at 677 (holding that "[i]n accordance with the modern trend, and Rule 12.02 of the Tennessee Rules of Civil Procedure, juvenile courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction.")

Plaintiffs also point to Defendant's participation in the case following the time of the answer and preceding the March 1996 date of the motion for summary judgment in support of their position that Defendant has waived his right to object to insufficient service of process. In so doing, Plaintiffs make several vague references to the fact that Defendant waited until the statute of limitation had run before filing his motion for summary judgment. In this case, the decedent, Mr. Toler, died in March of 1994. Since the statute of limitations is one year, the statute had already run by 12 June 1995 when the defendant filed his initial answer. *See* Tenn. Code Ann. § 29-26-116(a)(1) (1980) (providing for a one-year statute of limitations). Any participation by Dr. Giese occurred after his 12 June 1995 answer in which he had preserved the defense in compliance with the Rules of Civil Procedure.

Although the record does not clearly show why Dr. Giese's initial response occurred some time after the complaint, it is reasonable to infer that he did not have notice of the charges against him until that later time. This hypothesis illustrates the very dangers of insufficient process against which Rule 4.04's requirements are designed to protect defendants. Regardless of the reason for Defendant's timing, it is clear that at the time that he filed sworn answers to interrogatories and requests for admissions in August 1995 and at the time that he participated in the discovery deposition of plaintiff Shirley Lack in February 1996, the statute had run. Thus we reject that Defendant possessed the motives ascribed to the him by Plaintiffs.

In light of the foregoing and of the record, we hold that the trial court did not err in granting summary judgment to the defendant Dr. Mark Giese. Accordingly, the decision of the trial court is affirmed, with cost on appeal taxed to the plaintiffs.

The case is remanded to the trial court for any further necessary proceedings.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE