# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 11, 2006

## WILLIAM H. STITTS v. CLIFFORD K. McGOWN, JR.

#### Appeal from the Circuit Court for Johnson County
#### No. W2700      Thomas J. Seeley, Jr.,  Judge

_____

#### No. E2005-02496-COA-R3-CV -  FILED MAY 2, 2006

_____

The issue presented in this case is whether the trial court erred in dismissing with prejudice, on its own motion, a lawsuit alleging legal malpractice in which a summons was issued but never served on the defendant, and not reissued within one year.  After careful review, we hold that the trial court did not err in dismissing the complaint.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P. J., and CHARLES D. SUSANO, JR., J., joined.

William H. Stitts, Nashville, Tennessee, *Pro Se* Appellant.

Clifford K. McGown, Jr., Waverly, Tennessee, for Appellee, Clifford K. McGown, Jr.

## OPINION

### *I.  Factual and Procedural Background*

William H. Stitts was convicted by a Madison County jury of two counts of robbery.  He was sentenced on each count to ten years incarceration to be served consecutively to one another and consecutively to sentences for previous unrelated convictions.  Attorney Clifford K. McGown Jr. was appointed to represent Mr. Stitts in the appeal of his criminal convictions.  The appeal was not successful and on February 24, 2004, the Court of Criminal Appeals issued an opinion affirming the judgment of the trial court.  *State v. William Herbert Stitts,* No. W2002-01903-CCA-R3-CD, 2004 WL 345509 (Tenn. Crim. App., W.S., Feb. 24, 2004) *(*Tenn. R. App. P. 11 application denied, June 21, 2004).

On April 30, 2004, Mr. Stitts sued Mr. McGown in the Wayne County Circuit Court for legal malpractice. On the same day the lawsuit was filed, the court clerk issued a summons to Mr. McGown and sent it to the Sheriff's Department for service. However, the summons was never returned or served on Mr. McGown. After Mr. Stitts filed a motion for default judgment on June 18, 2004, Mr. McGown filed a special appearance in which he alleged that he had not been served with process as provided for in the Tennessee Rules of Civil Procedure and that a default judgment was not appropriate. In response, Mr. Stitts stated, *inter alia,* that process was issued on April 30, 2004; that it was inconceivable that Mr. McGown had not been served; and that Mr. McGown knew of the lawsuit.

In the interim, the Wayne County trial court transferred the case to the Johnson County Circuit Court, based on its finding that jurisdiction to hear the matter was properly in Johnson County. On March 15, 2005, Mr. Stitts filed another motion for default judgment and notice of hearing in the Johnson County Circuit Court. Mr. McGown again filed a limited appearance, stating, *inter alia,* that after the lawsuit had been filed in Wayne County, he received a copy of it in the mail from the court clerk, but that he had never been served with process pursuant to the Rules of Civil Procedure and that a default judgment was not appropriate. Upon finding that Mr. McGown had not been served with process, the trial court on June 6, 2005, denied the motion for default judgment. The trial court additionally noted that it did not appear that Mr. Stitts had reissued process as required by Tenn. R. Civ. P. 3, and if process had been reissued before April 30, 2005, then Mr. Stitts should file proof of same with the court immediately. The order further provided that if Mr. Stitts failed to show such proof, the complaint would be dismissed with prejudice. In response, Mr. Stitts filed a copy of the summons issued on April 30, 2004. Subsequently, on September 22, 2005, the trial court dismissed the complaint with prejudice after finding that Mr. Stitts had not shown that process was reissued prior to April 30, 2005. Mr. Stitts then filed a motion to alter or amend, arguing that he had filed the copy of the summons issued by the court clerk on April 30, 2004, which, according to Mr. Stitts, proved that Mr. McGown was served on that same date. After his motion was denied by the trial court, Mr. Stitts filed this appeal.

## II. *Issue Presented and Standard of Review*

Our task is confined to reviewing the record to determine whether the trial court erred in dismissing Mr. Stitts' case against his former attorney. Since we are presented with a pure question of law and there are no disputed facts, we will make an independent review of the record without any presumption of correctness. *King v. Pope*, 91 S.W. 3d 314, 318 (Tenn. 2002).

### III. Dismissal of the Claim

### A. Service of Process

A lawsuit is commenced upon the filing of a complaint with the court clerk. Tenn. R. Civ. P. 3. The next step in the proceeding is the issuance of a summons by the court clerk and the delivery of it with necessary copies of the complaint to any person authorized to serve process. Tenn. R. Civ. P. 4.01. A summons is basically a formal written notice to the defendant to appear and to answer the plaintiff's complaint. *Woods v. World Truck Transfer, Inc.*, No. M1997-00068-COA-R3-CV, 1999 WL 1086462 (Tenn. Ct. App., M.S., Dec. 3, 1999). Because the trial court's jurisdiction of the parties is acquired by service of process, proper service is an essential step in the proceeding. *Haley v. University of Tennessee-Knoxville*, No. M2005-00998-SC-R23-CQ, 2006 WL 669341 (Tenn., Mar. 17, 2006).

A defendant may waive service of process, Tenn. R. Civ. P. 4.07, but if he does not, then process must be served on the defendant who is within the state by either personal service or by mail. Tenn R. Civ. P. 4.03. Service of process by mail is not accomplished by simply mailing the defendant a copy of the complaint. *Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. Ct. App. 1997). It takes much more. To serve a defendant by mail, the plaintiff, the plaintiff's attorney or other authorized person for service by mail, must send to the defendant, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail. To be effective, service by mail requires filing with the court clerk the following three items: a) the original summons, endorsed as set forth in the rule; b) an affidavit of the person making service, setting forth the person's compliance with the requirement of Rule 4.03; and c) the return receipt. Tenn. R. Civ. P. 4.03, 4.04. A default judgment cannot be entered where there has been service by mail unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or by statute. Tenn. R. Civ. P. 4.04 (10).

In this case, Mr. Stitts commenced his lawsuit by filing with the court clerk the complaint against Mr. McGown. The court clerk then sent the complaint and summons to the Sheriff's Department for service on Mr. McGown. The summons, however, was never served on the defendant. This is the fatal flaw in plaintiff's case, as the trial court never obtained *in personam* jurisdiction over Mr. McGown. In his special appearances and responses to the two motions for default judgment, Mr. McGown made it evident that he had never been served with process.

Mr. Stitts confuses the "issuance" of a summons with "service" of a summons, arguing that Mr. McGown was served because a summons was issued. However, issuance of summons does not suffice for service on the defendant. Mr. Stitts also contends that Mr. McGown received a copy of the complaint in the mail from the clerk. However, mere receipt of a complaint in the mail does not comply with the requirements of Tenn. R. Civ. P. 4 and, therefore, does not suffice for proper service. Mr. Stitts further asserts that Mr. McGown knew about the lawsuit. While we have no doubt that he did, again, this does not suffice for service of process.

### B. Sua Sponte Dismissal and Effect of Failure to Reissue Summons

The trial court dismissed the case on its own motion after Mr. Stitts failed to show that he had reissued service of process to Mr. McGown before April 30, 2005. The significance of this date is that the summons was first issued by the court clerk on April 30, 2004. If process is not served within 30 days of issuance,[1] regardless of the reason, then the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations *unless* the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process. Tenn. R. Civ. P. 3. The summons issued on April 30, 2004, was not served on Mr. McGown within 30 days of its issuance. To rely on the original filing of the lawsuit to toll the running of the one-year statute of limitations on the legal malpractice claim, Mr. Stitts was required to have process reissued within one year from April 30, 2004. Because Mr. Stitts failed to have the summons reissued within one year of the issuance of the original summons, his legal malpractice claim was barred. *Slone v. Mitchell*, No. E2005-00842-COA-R3-CV, 2005 WL 3533276 (Tenn. Ct. App., E.S., Dec. 27, 2005).

A trial court in Tennessee has the express authority to dismiss a case with prejudice on its own motion in three instances: if the plaintiff fails to prosecute the case, or fails to comply with the rules of procedure, or fails to comply with an order of the court. While Tenn. R. Civ. P. 41.02 (1) specifically authorizes only a defendant to move for dismissal, the rule has been construed to allow trial courts to dismiss an action on the court's own motion for the three specific reasons noted. *Harris v. Baptist Memorial Hospital*, 574 S.W.2d 730, 731 (Tenn. 1978), *Thompson v. Dickerson,* No. 02A01-9702-CV-00034, 1997 WL 437228 (Tenn. Ct. App., W.S., Aug. 1,1997), *Hanna v. Gaylord Entertainment Company*, No. M2004-00413-WC-R3-WC, 2006 Tenn. LEXIS 247 (Mar. 29, 2006).

A dismissal of a case pursuant to Tenn. R. Civ. 41.02 is discretionary. Accordingly, our review is confined to determining whether the trial court's dismissal of the action was unreasonable, arbitrary or unconscionable. *Stalsworth v. Grummon*, No. M2000-02352-COA-R3-CV, 2001 WL 513885 (Tenn. Ct. App., M.S., May 15, 2001). After careful review, we do not find that the trial court abused its discretion in this matter.

### IV. Conclusion

It appears that Mr. Stitts, who represents himself, does not understand the significance and necessity of service of process on Mr. McGown. Mr. Stitts, who is not only a *pro se* litigant but also an incarcerated one, is entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). We are and should be mindful of the fact that Mr. Stitts, like many *pro se* litigants, is likely untrained in the law and unfamiliar with the judicial system. *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). We should and

---

[1]Tenn. R. Civ. P. 3 was amended by order entered January 6, 2005, effective July 1, 2005, increasing the time for service of a summons from 30 to 90 days.

do give *pro se* litigants some leeway in the drafting of their pleadings and briefs, *Whitaker,* 32 S.W. 3d at 227, and measure the papers prepared by *pro se* litigants using standards that are less stringent than those applied to documents prepared by lawyers. *Winchester v. Little*, 996 S.W. 2d 818, 824 (Tenn. Ct. App. 1998). However, we cannot excuse *pro se* litigants from complying with the same substantive and procedural rules as represented parties. *Edmundson v. Pratt,* 945 S.W.2d 754,755 (Tenn. Ct. App. 1996). Mr. Stitts, like any other plaintiff in a civil proceeding, had an obligation to see to it that process was served in a manner consistent with the Tennessee Rules of Civil Procedure. *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003). Plaintiff's representation of himself, without an adequate knowledge of the rules of procedure, doomed his case to failure.

Mr. Stitts was required to comply with the Tennessee Rules of Civil Procedure, and he failed to do so. Accordingly, the trial court did not err when it dismissed Mr. Stitts' claim against Mr. McGown. The judgment of the trial court is affirmed. Costs are taxed to Mr. Stitts.

_____
**SHARON G. LEE, JUDGE**