IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2019 Session

## GREGORY WEBSTER ET AL. V. DAVID M. ISAACS

**Appeal from the Circuit Court for Davidson County**
**No. 16C-2930       Joseph P. Binkley, Jr., Judge**

_____

### No. M2018-02066-COA-R3-CV

_____

The trial court granted the defendant's motion for summary judgment and dismissed the plaintiffs' negligence suit on the grounds that the plaintiffs failed to serve the defendant with process within the one-year statute of limitations. On appeal, we conclude that the trial court did not err in denying the plaintiffs' motion to enlarge the time frame for obtaining new service of process or in granting the defendant's motion for summary judgment. We, therefore, affirm the decision of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and J. STEVEN STAFFORD, P.J., W.S., joined.

Paul A. Rutherford and Wende J. Rutherford, Nashville, Tennessee, for the appellants, Gregory E. Webster and Suzette Webster.

Nathan Evan Shelby, Jordan Kennamer Gibson, and Jennifer Vallor Ivy, Nashville, Tennessee, for the appellee, David M. Isaacs.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Gregory E. Webster and David M. Isaacs were involved in an automobile accident on November 9, 2015, in Nashville. Mr. Webster and his wife, Suzette, filed a negligence suit against Mr. Isaacs on November 3, 2016, and service of process issued the next day. On November 14, 2016, the summons was returned unserved with the following notation: "David M. Isaacs is not to be found in my County. (Does Not Reside)."

Counsel for Mr. Isaacs entered a Notice of Special Appearance on December 16, 2016. The notice specified that, "All defenses related to jurisdiction, venue, service of process or sufficiency of process, are hereby reserved." Mr. Isaacs filed an answer on January 24, 2017, in which he included as an affirmative defense "that service of process in this action was insufficient" and that "he was not personally served with process." The parties participated in several case management conferences and completed some discovery. On January 18, 2018, the Websters had another summons issued and obtained service of process on Mr. Isaacs the same day.

On February 6, 2018, Mr. Isaacs filed a motion to dismiss arguing that the plaintiffs failed to serve him with process within a year of filing suit and, therefore, the suit was time-barred under Tenn. Code Ann. § 28-3-104(a)(1), which provides for a one-year statute of limitations in actions for "injuries to the person." Mr. Isaacs then filed an amended answer on February 16, without leave of court, in which he asserted the affirmative defense of the statute of limitations for the first time. He filed a supplemental motion to dismiss adding the statute of limitations argument. On July 10, 2018, the trial court denied Mr. Isaacs's motion to dismiss without prejudice to refiling.

On May 24, 2018, the Websters filed a motion for enlargement, pursuant to Tenn. R. Civ. P. 6.02, asking the court to enlarge the 12-month time frame set forth in Tenn. R. Civ. P. 3[1] for obtaining new service of process, based on the excusable neglect of plaintiffs' counsel. In support of their motion, the Websters submitted an affidavit of their counsel detailing the timeline of the litigation, including the filing of the defendant's January 24, 2017 answer, and stating:

> 8. In preparation for the January 18, 2018 Status Conference, I reviewed the file and learned that service of process was not effected upon the Defendant when first issued. I then prepared an alias summons after searching the internet for Defendant's work address. . . . The Return of Service was filed with the Court clerk immediately thereafter. Later that day at 12:30 pm, the Case Management Conference was held via telephone conference. There was no discussion of the issue [of] service of process. The resulting Order required that written discovery be completed by April

---

[1] Rule 3 of the Tennessee Rules of Civil Procedure provides as follows:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

1, 2018. Plaintiffs' answers to discovery were delayed solely due to his prolonged treatment course. Plaintiff propounded written discovery upon Defendant on January 26, 2018. Defendant participated in answering written discovery and submitted answers under oath through counsel to Plaintiff's counsel on February 16, 2018. Both parties subsequently supplemented their answers to written discovery upon request. I submit that the delay in service of process had no negative impact or delay upon the proceedings. Further, I acted in good faith and made effort to mitigate the oversight the same day it was realized, though it is conceded that the oversight was within my control.

9. Defendant initially filed his Motion to Dismiss through counsel on February 6, 2018. Plaintiffs filed their Response in Opposition thereto on February 12, 2018. Defense counsel notified me shortly thereafter via e-mail and stated that he would be removing his Motion to Dismiss from the Court's docket. . . .

10. On February 28, 2018, Defense counsel advised me via email that "he had no problem proceeding with discovery." Plaintiff Gregory Webster was released in December 2017 and I requested and obtained his impairment rating medical notes on January 25, 2018 from his surgeon. Having previously provided extensive and complete medical records to Defense counsel, I prepared and tendered a demand package to Defense counsel on April 26, 2018. Party depositions were scheduled by agreement on April 27, 2018 and set for May 31, 201[8]. Defendant filed his supplemental Motion to Dismiss on May 15, 2018.

The trial court took this motion under advisement.

Mr. Isaacs filed a motion for summary judgment on August 31, 2018, arguing that all of the Websters' claims were barred by the statute of limitations. The trial court entered an order on November 27, 2018, in which it granted Mr. Isaacs's motion for summary judgment and denied the Websters' motion for enlargement.

On appeal, the Websters raise the following issues: (1) whether the trial court abused its discretion in denying the plaintiffs' motion for enlargement; (2) whether the trial court erred in granting the defendant's motion for summary judgment based on the affirmative defense of the statute of limitations when the defendant had not pled that defense in his answer and had not sought leave to amend or supplement his original answer; and (3) whether the defendant should be estopped from asserting the statute of limitations defense. Mr. Isaacs raises the issue of whether the trial court erred in denying his motion to dismiss.

ANALYSIS

I. Motion for enlargement.

We review a trial court's decision to grant or deny a Tenn. R. Civ. P. 6.02 motion for enlargement under an abuse of discretion standard. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006). A trial court abuses its discretion when it "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). The abuse of discretion standard does not permit the reviewing court "to substitute its judgment for that of the trial court." *Williams*, 193 S.W.3d at 551.

The Websters filed a motion for enlargement on May 24, 2018, pursuant to Tenn. R. Civ. P. 6.02, which provides as follows:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) *upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect*, but it may not extend the time for taking any action under Rules 50.02, 59.01, 59.03 or 59.04, except to the extent and under the conditions stated in those rules. This subsection shall not apply to the time provided in Tennessee Rule of Appellate Procedure 4(a) for filing a notice of appeal, nor to the time provided in Tennessee Rule of Appellate Procedure 24(b) & (c) for filing a transcript or statement of evidence.

(Emphasis added). Tennessee courts have adopted four factors to be considered in evaluating whether failure to meet a deadline was the result of excusable neglect:

> The [United States] Supreme Court's comprehensive framework, which we adopt, requires a court to consider (1) the risk of prejudice to parties opposing the late filing, (2) the delay and its potential impact on proceedings, (3) the reasons why the filings were late and whether the reasons were within the filer's reasonable control, and (4) the good or bad faith of the filer.

*Williams*, 193 S.W.3d at 551 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993)). This court has "held that the party's reason for failing

to meet the deadline may be the single most important of the four factors." *Kenyon v. Handal*, 122 S.W.3d 743, 756 (Tenn. Ct. App. 2003). In considering the reasons proffered by the late-filing party, the trial court should examine the reasons to determine "(1) whether the circumstances involved were under a party's own control, and (2) whether the party was paying appropriate attention to the matter in light of the surrounding circumstances." *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Grp.*, 56 S.W.3d 557, 569-70 (Tenn. Ct. App. 2001) (citations omitted).

In its November 27, 2018 order, the trial court denied the Websters' motion for enlargement based upon its finding that the plaintiffs' actions did not constitute excusable neglect. The trial court determined that the first, second, and fourth factors of the excusable neglect analysis did not have significant impact. With respect to the third factor, the court reasoned as follows:

> To evaluate the third finding, the Court must determine whether the action was within Plaintiffs' control and whether Plaintiffs were paying adequate attention in light of the surrounding circumstances. *See Kenyon*, 122 S.W.3d at 756-57. Because serving Defendant and reissuing summons was within the reasonable control of Plaintiffs' counsel, and counsel failed to pay attention to the delay after Defendant, in his Answer, put Plaintiffs on notice that Plaintiffs had not personally served him, the Court held that counsel's neglect was not excusable. Defendant's January 24, 2017 Answer, which was filed within the statute of limitations and within one year of re-issuance of the alias summons, put Plaintiffs on notice that he had not been served, but Plaintiff did not pay appropriate attention in light of these surrounding circumstances. Furthermore, Plaintiffs' reason for the delay and whether the action was within their reasonable control was the single most important factor in the equitable determination. Plaintiffs' actions were not excusable neglect to enlarge the statute of limitations under Tennessee Code Annotated § 28-3-104 or to enlarge the time period to serve Defendant and reissue the summons to serve Defendant under Rules 3 and 4 of the Tennessee Rules of Civil Procedure.

(Citations to the record omitted).

On appeal, the Websters rely upon *Edwards v. Herman*, No. E2017-01206-COA-R9-CV, 2018 WL 2231090 (Tenn. Ct. App. May 16, 2018). The court in *Edwards* affirmed "the trial court's utilization of Tennessee Rule of Civil Procedure 6.02 as a method of enlarging the timeframe for issuance and service of process . . . when the complaint was timely filed and when excusable neglect can be demonstrated." *Edwards*, 2018 WL 2231090, at *9. In *Edwards*, however, the trial court failed to make sufficient findings regarding excusable neglect, and this court vacated the trial court's decision and

remanded for further proceedings. *Id.* Thus, we do not consider the *Edwards* case instructive on the application of the excusable neglect factors.

The Websters acknowledge that their counsel's failure to investigate the lack of personal service sooner was negligent. Their arguments go to whether this negligence is excusable. In arguing that the trial court abused its discretion in this case, the Websters note that the initial return of service (stating that Mr. Isaacs had not been served) was returned to the court clerk and not to plaintiffs' counsel. Although the Websters acknowledge that they were put on notice of the lack of service by Mr. Isaacs's answer, they emphasize that they were not notified of the date upon which process was returned unserved.[2] According to the Websters' reasoning, the trial court should have considered this asserted ambiguity in the notice they received as part of the circumstances surrounding the late filing.

We find no merit in the Websters' argument. In his answer filed on January 24, 2017, Mr. Isaacs stated that he "was not personally served with process" and asserted the affirmative defense "that service of process in this action was insufficient." Yet, the Websters failed to follow up with the process server or the trial court clerk to determine whether they needed to effectuate alias service; they had almost ten months to do so. Unfortunately, the plaintiffs did not discern that service had not been completed until the statute of limitations had run. In their appellate brief, the Websters argue that they were not neglecting the case because they continued to participate in litigation. They also assert that Mr. Webster "required surgeries that delayed the parties' ability to obtain complete medical information."

As stated above, this court cannot substitute its judgment for that of the trial court in matters left to the trial court's discretion. *See Williams*, 193 S.W.3d at 551. The trial court considered all of the relevant factors and circumstances, and we find no abuse of discretion.

II. Summary judgment.

In its November 27, 2018 order, the trial court also granted Mr. Isaacs's motion for summary judgment. The Websters assert on appeal that the trial court erred in so

---

[2] The Websters further posit in their brief:

> The obvious ambiguity in the "notice" provided by Defendant's answer is further evidenced by the fact that the deadline passed unnoticed by Defendant as well, until Plaintiffs remedied the lack of personal service on Defendant. There can be no other explanation for Defendant's failure to file a Motion to Dismiss until more than two (2) weeks after being personally served and almost three (3) months after the deadline passed.

ruling because Mr. Isaacs waived the defense of service of process by participating in the litigation after raising the defense.[3]

A trial court's award of summary judgment does "not enjoy a presumption of correctness on appeal." *Biancheri v. Johnson*, Nos. M2008-00599-COA-R3-CV, M2007-02861-COA-R3-CV, 2009 WL 723540, at \*5 (Tenn. Ct. App. Mar. 18, 2009) (citing *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003)). Appellate courts review a trial court's decision on a motion for summary judgment de novo. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04; *see also Rye*, 477 S.W.3d at 250 (quoting Tenn. R. Civ. P. 56.04). If the party moving for summary judgment does not bear the burden of proof at trial, as here, the movant will be entitled to succeed on the motion if he or she "affirmatively negat[es] an essential element of the nonmoving party's claim or . . . demonstrat[es] that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264; *see also* Tenn. Code Ann. § 20-16-101.

When determining whether a genuine issue of material fact exists, a court must take the "strongest legitimate view of the evidence" in favor of the non-moving party "and discard all countervailing evidence." *Davis v. McGuigan*, 325 S.W.3d 149, 157 (Tenn. 2010) (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004)). A genuine issue of material fact exists "if the undisputed facts and inferences drawn in the [non-movant's] favor permit a reasonable person to reach more than one conclusion." *Id.* Then, "'if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied.'" *Johnson v. City Roofing Co.*, No. W2003-01852-COA-R3-CV, 2004 WL 1908794, at \*2 (Tenn. Ct. App. Aug. 25, 2004) (quoting *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)); *see also Dooley v. Everett*, 805 S.W.2d 380, 383 (Tenn. Ct. App. 1990).

---

[3] In their appellate brief, the Websters also assert that the trial court erred in granting summary judgment because Mr. Isaacs did not assert the defense of the statute of limitations in his original answer and did not seek leave of court before filing his amended answer. As the trial court pointed out, however, the statute of limitations defense was not applicable when he filed his original answer; therefore, he was not required to plead it. Mr. Isaacs's original answer put the Websters on notice that service of process was at issue and, when they failed to reissue the summons to serve him by November 14, 2017, the one-year statute of limitations for personal injury actions barred their claims. *See* Tenn. Code Ann. § 28-3-104(a)(1).

In this case, there are no relevant facts in dispute. The plaintiffs filed their complaint on November 3, 2016, and the summons was returned unserved on November 14, 2016. The defendant filed an answer to the complaint on January 24, 2017, and asserted the defense of insufficient service of process. Thereafter, the parties engaged in status conferences and some discovery. The plaintiffs issued an alias summons on January 18, 2018, and the defendant was served the same day. The plaintiffs argue that, although the defendant, Mr. Isaacs, complied with Tenn. R. Civ. P. 8.03 and pled the defense of insufficient service of process, he later waived that defense by participating in the litigation. We find this argument unavailing for several reasons.

The Tennessee Rules of Civil Procedure address waiver of defenses in Rule 12.08, which states, in pertinent part:

> A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto, (provided, however, the defenses enumerated in 12.02(2), (3), (4) and (5) shall not be raised by amendment), except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the defense of lack of capacity, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Mr. Isaacs included the defense of insufficiency of process in his answer as required under Tenn. R. Civ. P. 12.08, thereby avoiding waiver under the rule. Moreover, Tennessee courts have "consistently held that participation in litigation does not constitute a waiver of insufficient service of process after the defense has been properly pled in an answer." *Krogman v. Goodall*, No. M2016-01292-COA-R3-CV, 2017 WL 3769380, at *8 (Tenn. Ct. App. Aug. 29, 2017) (citing *Regions Bank v. Sandford*, No. M2015-02215-COA-R3-CV, 2016 WL 6778188, at *2 (Tenn. Ct. App. Nov. 16, 2016); *Doyle v. Town of Oakland*, No. W2013-02078-COA-R3-CV, 2014 WL 3734971, at *3 (Tenn. Ct. App. July 28, 2014); *Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *3 (Tenn. Ct. App. Nov. 21, 2008); *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 399 (Tenn. Ct. App. 2001)).

In *Toler v. City of Cookeville*, 952 S.W.2d 831, 832 (Tenn. Ct. App. 1997), a medical malpractice action, one of the defendants filed an answer on June 12, 1995, asserting the affirmative defense that he had not been properly served with process. Then, on March 8, 1996, the defendant filed a motion for summary judgment on the ground that the suit was barred by the statute of limitations because he had never been

served, and the trial court granted the motion. *Toler*, 952 S.W.2d at 832. On appeal, the plaintiff argued that "the defendant's entry of an appearance and participation as a party constitutes a waiver of his objection to any defect in the service of process." *Id.* at 834. This court rejected this argument and affirmed the trial court's dismissal. *Id.* at 835. In *Hall v. Haynes*, 319 S.W.3d 564, 584 (Tenn. 2010), our Supreme Court cited *Toler* with approval, stating: "Having adequately raised insufficiency of process as an affirmative defense in their answer, Defendants did not waive the defense by their continued participation in the lawsuit."

The case cited by the Websters in support of their position, *Goodner v. Sass*, No. E2000-00837-COA-R3-CV, 2001 WL 35969 (Tenn. Ct. App. Jan. 16, 2001), is distinguishable from the present case. In the *Krogman* case, the court distinguished the case before it from *Goodner*:

> Ms. Krogman's reliance on this court's decision in *Goodner v. Sass* is similarly misplaced. That case dealt with two complaints; the defendant answered the first complaint in a timely manner and raised the service issue. *Goodner v. Sass*, No. E2000-00837-COA-R3-CV, 2001 WL 35969, at *2 (Tenn. Ct. App. Jan. 16, 2001). The plaintiff filed a second alias complaint, but the defendant did not respond to it until over a year later in a motion for summary judgment based on insufficient service of process, after participating heavily in discovery. *Id.* We held that the defendant's untimely response to the second complaint, failure to file an answer to the second complaint, and extensive participation in litigation constituted a waiver of his service of process defense. *Id. Goodner* is easily distinguished from the present case. Here, Appellees filed an answer before participating in additional, extensive litigation, except for filing a Notice of Appearance and serving interrogatories and requests for production of documents on Ms. Krogman. Accordingly, under the facts shown by the record on appeal, we hold that Appellees did not waive their defense of insufficiency of process by participating in the litigation.

*Krogman*, 2017 WL 3769380, at *8. The same reasoning applies here. The present case does not involve two complaints. Rather, Mr. Isaacs filed an answer to the Websters' sole complaint and raised the defense of insufficient service of process. His participation in subsequent litigation did not serve to waive that defense.

Therefore, as a matter of law, the trial court properly granted Mr. Isaacs's motion for summary judgment and dismissed the Websters' suit. In light of this determination, we need not address the issue raised by Mr. Isaacs concerning the trial court's denial of his earlier motion to dismiss.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Gregory E. Webster and Suzette Webster, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE