IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2001 Session

## STATE OF TENNESSEE, EX REL, PERNIE BARGER, ET AL., v. CITY OF HUNTSVILLE, TENNESSEE, STATE OF TENNESSEE, EX REL, GEORGE BRAWNER, SR., ET AL., v. CITY OF HUNTSVILLE, TENNESSEE

**Direct Appeal from the Chancery Court for Scott County**
**Nos. 8087 and 8119     Hon. Billy Joe White, Judge**

**FILED AUGUST 17, 2001**

**No. E2001-00395-COA-R3-CV**

---

The Trial Court held service of process on the City's Mayor under Tenn. R. Civ. P. 4.04(8) was insufficient. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

David L. Buuck, Knoxville, Tennessee, for Appellant.

Andrew R. Tillman, Knoxville, Tennessee, for Appellee.

### OPINION

The Trial Court dismissed this action for insufficient service of process, and plaintiffs have appealed. The action was brought against the City of Huntsville, and the Summons states that it was served upon the City "at Mayor Charles Sexton's Office." The City filed a Motion to Dismiss, stating there was no personal service on the Mayor, but rather that copies of the Summons and Complaint were simply left at the Mayor's office, and argue that Tenn. R. Civ. P. 4.04(8) requires personal service on the Mayor.

Other plaintiffs then filed a *quo warranto* proceeding against the City, and the Summons in this case states that the process server "left a copy with defendant." The City filed a Motion to Dismiss in this action. These two actions were consolidated on appeal.

In support of its Motions, the City filed an Affidavit of Cynthia Reynolds, which states that she was the City Recorder for Huntsville, and that the processes were left with her at the Mayor's office, but the Mayor was not present.

Reynolds in her deposition which was filed, testified that she had worked as City Recorder for 15 years, and that Charles Sexton had been the Mayor at the time the lawsuits were filed, and that he was also working for the Scott County Road Department. She testified that Sexton came to the office nearly every day, but that his schedule was unpredictable. She further testified that the Summons and Complaints at issue were left with her, and that she gave them to the Mayor. She further testified that she did not tell the process servers that she was authorized to accept service, but rather she told one of them that he should find the Mayor, and that she didn't think she could accept service.

The facts in this case are not in dispute, and the issue involved is a question of law which is reviewed *de novo* by this Court without a presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

Tennessee Rules of Civil Procedure 4.04(8) requires that service may be made upon a municipality by delivering a copy of the summons and complaint to the "chief executive officer thereof, or to the city attorney." In this case, a copy of the summons and complaint were left at the mayor's office, but were not personally delivered to the mayor. Plaintiffs argue that such service was sufficient under the authority of *Garland v. Seaboard Coastline R. Co.*, 658 S.W.2d 528 (Tenn. 1983). In *Garland*, the Court adopted the construction used by the federal courts in determining the sufficiency of service of process on business entities, wherein the federal courts had held that service could be made upon a representative of the company who was "so integrated with the organization that he will know what to do with the papers." *Id.* at 531. Thus, the Court held that service on a company was sufficient if it was made upon a person whom one could reasonably imply had authority to receive service. *Id.* Plaintiffs argue that because service was made upon the city recorder, who is "a representative so integrated" with the City that she would know what to do with the papers, and who could reasonably be thought to have authority to accept same, the process was sufficient and proper.

We note, however, that the Court's decision in *Garland* as well as the federal cases relied upon dealt strictly with service on companies and the subsections of Rule 4.04 which apply thereto. *Garland* made no mention of service upon municipalities, and there have been no cases citing *Garland* which deal with the issue before us. There appears to be an absence of authority on the issue of sufficiency of service on a municipality in this jurisdiction, except for the case of *Legleu v. Clarksville Dept. of Electricity*, 944 S.W.2d 364 (Tenn. Ct. App. 1995), wherein this Court held that service upon an officer of the Clarksville Department of Electricity was insufficient to give

notice to the City of Clarksville, and was thus insufficient service on the City pursuant to Tenn. R. Civ. P. 4.04.[1] Tenn. R. Civ. P. 4.04(8) is specific, in that delivery must be upon the chief executive officer, i.e. the mayor, and such was not done in this case.

This Court has recognized that the Rules of Civil Procedure are "laws" which must be construed in the same manner as statutes, such that if the language of the rule is plain, clear, and unambiguous, the court's duty is to simply to enforce the rule as written. *First Tennessee Bank, N.A. v. Dougherty*, 963 S.W.2d 507 (Tenn. Ct. App. 1997).

Plaintiffs argue that they should not be held to the technical requirements of the Rule because it is clear that the City had notice of the claims. Tenn. R. Civ. P. 12.02, however, specifically allows the defense of insufficiency of process to be raised in a Motion to Dismiss, such as was done in this case. Moreover, it is clear that once this defense has been raised, any other participation in the lawsuit by the defendant does not constitute a waiver. *See Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. Ct. App. 1997).

Plaintiffs also argue that the Trial Court should have held an evidentiary hearing before ordering that the case be dismissed. The Trial Court, however, had the benefit of the Reynolds' Affidavit, as well as the deposition testimony of the process servers, Ms. Reynolds, and the Mayor, and the facts were not in dispute. There is no indication that an evidentiary hearing would have aided the court in any way, as all of the pertinent facts were before it. Moreover, the Motion to Dismiss was not heard for two years, and plaintiffs made no efforts to correct the alleged defect in service.

We hold the directive under the Rule is clear and that on the facts before us the service was insufficient pursuant to the unambiguous directives of Tenn. R. Civ. P. 4.04.

Accordingly, we affirm the Judgment of the Trial Court and assess the cost of the appeal to the appellants, Barger, Brown, Lloyd, Stonecipher, Brawner, Marlow, Pemberton and Ryan.

_____
HERSCHEL PICKENS FRANKS, J.

---

[1] It has likewise been held that service on the county sheriff was insufficient service on the county, pursuant to Tenn. R. Civ. P. 4.04(7). *Freeman v. Shannon*, No. W1999-1597-COA-R3-CV (Tenn. Ct. App. Sept. 7, 2000), no perm. app. filed.