IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 23, 2008 Session

## DEBRA J. EATON v. STEPHEN G. PORTERA, M.D.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002787-06    Rita L. Stotts, Judge**

_____

**No. W2007-02720-COA-R3-CV - Filed November 21, 2008**

_____

This is a medical malpractice case.  The trial court granted summary judgment in favor of Appellee doctor on grounds of insufficient service of process, and failure of Appellant patient to come forward with the required expert proof to refute the motion for summary judgment.  Finding no error, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Aaron L. Thomas, Memphis, TN, for Appellant

Christopher L. Vescovo, Memphis, TN, for Appellee
Casey Shannon, Memphis, TN, for Appellee

**OPINION**

In May 2005, Appellant Debra J. Eaton was referred to Appellee Stephen G. Portera, M.D. after being diagnosed with severe pelvic floor dysfunction.  Dr. Portera is a licensed physician, specializing in urogynecology.  On May 31, 2005, Dr. Portera performed surgery on Ms. Eaton.  The surgery included a pubovaginal sling, anterior repair, posterior repair with grafts, and cystoscopy.  Following the surgery, Ms. Eaton developed some scar tissue on the left vaginal wall.  On August 17, 2005, Dr. Portera performed a procedure to remove the scar tissue.  An October 7, 2005 exam showed normal vaginal tissue; at that time, Ms. Eaton's sole complaint was some pain associated with intercourse.

On May 30, 2006, Ms. Eaton filed a complaint against Dr. Portera, alleging medical malpractice arising from the May 31, 2005 surgery.  Specifically, Ms. Eaton asserts that, as a result of Dr. Portera's alleged negligence, she suffered "severe and permanent physical and emotional injury; including being left with a vaginal canal that has an insufficient depth to permit sexual

intercourse...[loss of] the ability to have normal bowel movements...[and trouble] urinat[ing] in a normal fashion." On or about June 19, 2006, a Shelby County deputy sheriff attempted to serve the complaint and summons on Dr. Portera. The return indicates that the complaint and summons were served on "Lamonda Robinson, pt care ast." On October 19, 2006, Dr. Portera filed his answer, in which he denies the material allegations of the complaint and raises, as affirmative defenses, insufficiency of process and insufficiency of service of process.

On August 10, 2007, Dr. Portera filed a motion for summary judgment, along with his affidavit and Tenn. R. Civ. P. 56.03 statement of undisputed material facts in support thereof. Dr. Portera's motion is predicated on two grounds: (1) Ms. Eaton's alleged failure to provide competent expert testimony to dispute the affidavit of Dr. Portera; and (2) Ms. Eaton's alleged failure to obtain service of process on Dr. Portera. Ms. Eaton filed a memorandum in opposition to the motion for summary judgment on October 23, 2007.

The motion for summary judgment was heard on November 2, 2007. On November 20, 2007, the court entered an order granting Dr. Portera's motion for summary judgment. Specifically, the trial court held that "[Ms. Eaton] has not supported the allegations of medical negligence and causation with competent expert testimony and therefore has not complied with Tenn. Code Ann. §29-26-115." The court further held that "[Dr. Portera] was not sufficiently served with process pursuant to Tennessee Rule of Civil Procedure 4.04(1)."

Ms. Eaton appeals and raises three issues for review as stated in her brief:

> 1. Did the Circuit Court err in granting summary judgment to Defendant-Appellee Dr. Portera, when it ruled that Dr. Portera did not waive the defense of insufficiency of service of process by his failure to timely plead that defense with the requisite specificity?
>
> 2. Did the Circuit Court err in granting summary judgment to Defendant-Appellee Dr. Portera, when it ruled that Dr. Portera was not served in accordance with Rule 4.04(1) which allows service on an individual's authorized agent?
>
> 3. Did the Circuit Court err in granting summary judgment to Defendant-Appellee Dr. Portera, when it denied Plaintiff-Appellant's request for additional time to procure expert testimony in opposition to Defendant's motion for summary judgment–when it would have been unreasonable for Plaintiff to have procured expensive expert testimony to support her complaint while Defendant's motion to dismiss the complaint for "insufficiency of process" was still pending?

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***See Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. ***See id***. In ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

***Id***. at 211 (citations omitted).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. See ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn.1995). Here, the material facts are undisputed. Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. ***See Bain***, 926 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. ***See Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn.1997).

<u>Service of Process</u>

Service of process on an individual defendant is governed by Tenn. R. Civ. P. 4.04(1), which states:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized

by appointment or by law to receive service on behalf of the individual served.

Insufficiency of service of process is one of six affirmative defenses that, under Tenn. R. Civ. P. 12.02, must be set forth either in the defendant's answer or by motion made before the filing of an answer. Tenn. R. Civ. P. 8.03 requires defendants to "set forth affirmative facts in short and plain terms." Failure to comply with Tenn. R. Civ. P. 8.03 "constitutes a waiver of the matter." *See, e.g., Barker v. Heenkin Can*, 804 S.W.2d 442, 444 (Tenn. 1991). Ms. Eaton first contends that Dr. Portera failed to comply with Tenn. R. Civ. P. 8.03 and, thus, failed to preserve the affirmative defense of failure of service of process for appeal. We disagree. In *State ex rel. Berger v. Huntsville*, 63 S.W.3d 397, 399 (Tenn. Ct. App. 2001), this Court held that "once this defense [i.e., insufficiency of service of process] is raised, any other participation in the lawsuit by the defendant does not constitute a waiver." In his first affirmative defense, Dr. Portera specifically "asserts the defense of insufficiency of process and insufficiency of service of process in that he was never served with the Complaint pursuant to the Rules of Civil Procedure and Tennessee law." Moreover, Dr. Portera states that he is "specifically reserv[ing] this defense and is not waiving the defense by filing this Answer." We find that the language used by Dr. Portera in asserting this defense was sufficient to put Ms. Eaton on notice of Dr. Eaton's allegation that he was not properly served in this matter. Furthermore, although Tennessee law specifically allows a defendant to continue participation in a case without waiving the defense of insufficiency of service of process once it has been raised, *Berger*, 63 S.W.3d at 399, Dr. Portera specifically states that he is not waiving the defense in filing his answer or, otherwise, by participating in his defense of Ms. Eaton's complaint. Having determined that Dr. Portera did not waive this defense, we now turn to the record to determine whether proper service was made in this case.

It is well settled that an officer's return is *prima facie* evidence of proper service of process and the oath of an interested party is legally insufficient to overcome the return. *See* Tenn. R. Civ. P. 5.02; *Royal Clothing Co. v. Holloway*, 347 S.W.2d 491, 492 (Tenn. 1961). However, "the return of an officer that he has executed process is of no higher grade of evidence than the other papers of the case which came before [the court] as parts thereof; and if other parts of the ... record either contradict the return of the [process server] or render it doubtful whether the return is true, we are not bound to concede to its absolute verity." *Wilson v. Moss*, 54 Tenn. 417, 419-20 (Feb. 8, 1872).

As noted above, the officer's return in this case indicates that service was made on "Lamonda Robinson, pt care asst." The return does not identify Ms. Robinson as Dr. Portera's agent; in fact, in his affidavit, Dr. Portera specifically avers that "[a]t no time have I ever appointed Lamonda Robinson to accept service of process on my behalf, and Ms. Robinson is not and has never been an authorized agent to accept service on my behalf." In *Haley v. Hitt Elec. Co.*, No. 01-A-01-9107-CH-00258, 1992 WL 7669, at *2 (Tenn. Ct. App. Jan.22, 1992), the court established that "the only time any type of service other than personal service can be had upon an individual, including service upon an authorized agent, is if the individual 'evades or attempts to evade service or if he is an infant or incompetent.'" The burden of proving that an individual evaded or attempted to evade service of process is on the serving party. *Haley*, 1992 WL 7669, at *2. As noted above,

there is no indication in this record that Dr. Portera was personally served. More importantly, the evidence in record does not support a finding that Dr. Portera attempted to evade service so as to allow service upon his authorized agent. *Id.* As discussed in *Haley*, the burden of proving that Dr. Portera attempted to evade service rests upon Ms. Eaton in this case. Moreover, we note that, even if Ms. Eaton had put forth sufficient evidence to show that Dr. Portera attempted to evade service, she would still have to establish that Ms. Robinson was Dr. Portera's authorized agent in order to effectuate proper service. Relying upon this Court's opinion in *Eluhu v. Richards*, No M2005-00922-COA-R3-CV, 2006 WL 1521158 (Tenn. Ct. App. June 2, 2006), permission to appeal denied (Tenn. Nov. 6, 2006), Ms. Eaton contends that Dr. Portera must come forward with a disinterested witness or corroborating proof in order to impeach the officer's return. We disagree. Unlike the case at bar, the officer's return in *Eluhu* contains some indication that process was actually served on the named defendant.[1] Here, there is no indication that Dr. Portera was personally served. In the absence of evidence to support a finding that Dr. Portera attempted to evade service and, in the absence of proof that Ms. Robinson was authorized to act as Dr. Portera's agent, the burden does not shift to Dr. Portera to bring forth the type of evidence contemplated in *Eluhu*. *Id*. at *6 (holding that "when a defendant denies that he was served with process and the official return as well as the testimony of the serving officer is to the contrary, then the testimony of the defendant must be supported by other disinterested witnesses or by corroborating circumstances.") (internal citations omitted).

However, even if we assume, *arguendo* (which we do not) that proper service was made on Dr. Portera, Ms. Eaton's medical malpractice claim is nonetheless fatally flawed due to the absence of the required expert testimony. Tenn. Code Ann. §29-26-115(a) sets forth the *prima facie* case for medical malpractice against a health care provider in Tennessee. The statute provides, in relevant part:

> a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

---

[1] The *Eluhu* Court notes that the summons was not clear because the officer had written that he had served the named defendant and an employee of a co-defendant corporation had also signed the return of summons.

> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. §29-26-115(b) mandates that the above requirements be established by expert proof:

> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

In his affidavit in support of his motion for summary judgment, Dr. Portera rebuts the allegations of medical malpractice set out in Ms. Eaton's complaint, and specifically avers that:

> 10. At all times applicable, I complied with the recognized standards of acceptable professional practice in the treatment and care rendered to Ms. Eaton...as those standards existed in Memphis, Shelby County, Tennessee.
>
> 11. The injuries complained of by Ms. Eaton in this case are of a type that can and do occur even in the absence of negligence when the procedures are carefully and competently performed, as in this case, in full compliance with the applicable standards of acceptable professional practice.
>
> 12. To a reasonable degree of medical certainty, nothing that I did or allegedly failed to do with regard to the treatment and care rendered to Ms. Eaton during or following the May 31, 2005 surgical procedures caused Ms. Eaton to suffer any injury, damages or other consequences which would not otherwise have occurred.

Tenn. R. Civ. P. 56.06 provides that:

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Based, in part, upon this shifting burden, our Supreme Court has held that medical malpractice cases are particularly suited to summary judgment because expert testimony is, as a general rule, required in all such cases:

In those malpractice actions wherein expert testimony is required to establish negligence and proximate cause, affidavits by medical doctors which clearly and completely refute plaintiff's contention afford a proper basis for dismissal of an action on summary judgment in the absence of proper responsive proof by affidavit or otherwise.

*Bowman v. Henard*, 547 S.W.2d 527, 531 (Tenn. 1977).

In light of Dr. Portera's affidavit, and the governing law as set out above, in order to overcome the motion for summary judgment, it was incumbent upon Ms. Eaton to come forth with competent medical expert proof showing that there was, indeed, a dispute of material fact. In her memorandum in opposition to the motion for summary judgment, Ms. Eaton fails to respond to Dr. Portera's motion on the issue of Ms. Eaton's lack of expert proof. This is fatal to her cause.

In her brief, Ms. Eaton asserts that the trial court should have "allowed [her] additional time to produce expert testimony." Specifically, she claims that she did not have a reasonable opportunity to procure expert testimony because the summary judgment motion "injected so much uncertainty into the action" that "she could not have been expected to procure expensive expert proof." We disagree. Based upon the statutory scheme, as set out above, Ms. Eaton should have known that, if the complaint was rebutted, then she would have to provide expert testimony in order to preserve her cause of action. Concerning Ms. Eaton's allegation that the trial court did not allow sufficient time in which to procure an expert, we note that Dr. Portera's deposition was taken on May 14, 2007, and the motion for summary judgment was filed on August 10, 2007. The hearing on the motion for summary judgment took place on November 2, 2007, which was approximately seventeen months after the filing of the lawsuit, and some five months after the filing of Dr. Portera's deposition. In the absence of some hardship, which was not alleged by Ms. Eaton, we find that there was sufficient time between filings to allow Ms. Eaton to come forward with an expert to support her allegations. Moreover, from the record before us, there is no indication that Ms. Eaton petitioned the trial court for additional time in which to procure an expert. At the hearing, the trial court specifically noted that Ms. Eaton "has not come forward with expert testimony to support the claim of violation of or

deviation [from the standard of care]." Rather than asking the court to suspend the proceedings to allow Ms. Eaton to obtain an expert, her counsel responded:

> I understand. I'm going to get to the answer. It is that after taking a long deposition and now being faced with this motion [for summary judgment], if it hadn't been disposed of, I could not go forward and spend money getting an affidavit from a witness doctor and then be told that that's all to no avail because I'm dismissing the suit on the basis of lack of service. So when Your Honor rules because of service you're not going to dismiss on that, then I should be given ninety days from the date in order to produce a witness, an affidavit.

From our review of the record, this statement is as close as counsel for Ms. Eaton came to asking for additional time to locate an expert; however, Ms. Eaton's attorney did not specifically ask for more time. Having not specifically raised this issue at the trial level, Ms. Eaton cannot be heard to complain on appeal. Regardless of whether counsel for Ms. Eaton moved the court for additional time, from the record, we conclude that Ms. Eaton was sufficiently noticed of her requirement to come forward with expert testimony, and that there was ample time between the filing of Dr. Portera's affidavit to allow Ms. Eaton to proffer the required evidence to refute Dr. Portera's statements.

For the foregoing reasons, we affirm the order of the trial court granting summary judgment in favor of Appellee Stephen G. Portera, M.D. Costs of this appeal are assessed to the Appellant, Debra J. Eaton and her surety.

_____
J. STEVEN STAFFORD, J.