IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2014 Session

## LISA DOYLE v. TOWN OF OAKLAND

**Appeal from the Circuit Court for Fayette County**
**No. 12-CV-15     J. Weber McCraw, Judge**

_____

**No. W2013-02078-COA-R3-CV - Filed July 28, 2014**

_____

This is an appeal from a dismissal for improper service of process.  The plaintiff filed a complaint against the defendant municipality.  The summons and complaint were served on the municipality's finance director.  In its answer, the municipality asserted improper service of process for failure to serve either the municipality's chief executive or its city attorney. Later, the municipality filed a motion for summary judgment.  The motion asserted that, because service of process was insufficient under Tenn. R. Civ. P. 4.04, the complaint was time-barred under the applicable statute of limitations.  The trial court granted summary judgment in favor of the municipality.  The plaintiff appeals.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which ALAN E. HIGHERS, P. J., W.S., and J. STEVEN STAFFORD, J., joined.

James R. Becker, Jr., Memphis, Tennessee, for the Plaintiff/Appellant Lisa Doyle

John D. Burleson, V. Latosha Dexter, and A. Blake Neill, Jackson, Tennessee, for the Defendant/Appellee Town of Oakland

## OPINION

### FACTS AND PROCEEDINGS BELOW

Since 2000, Plaintiff/Appellant Lisa Doyle was employed by the Defendant/Appellee Town of Oakland ("Town"), first as a Water Department clerk and later as the Town Recorder.[1] Ms. Doyle's employment with the Town was terminated on February 11, 2011.[2]

On February 3, 2012, Ms. Doyle filed the instant lawsuit against the Town in the Circuit Court of Fayette County, Tennessee. The complaint asserted that the Town terminated Ms. Doyle's employment in retaliation because she engaged in protected "whistleblower" activity. Ms. Doyle contended that the termination of her employment constituted retaliatory discharge, and she asserted claims under (1) Tennessee common law protecting whistleblowers, (2) Tennessee's whistleblower protection statute, Tenn. Code Ann. § 50-1-304, and (3) the Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601, et seq.

The return on the summons for Ms. Doyle's complaint indicates that it was served on February 8, 2012 on Pamela Walker. The return does not indicate Pamela Walker's job position.

The Town filed its answer to Ms. Doyle's complaint on May 21, 2012. The affirmative defenses asserted in the answer included the following: "Defendant pleads the defense of improper service and insufficiency of process as Defendant was not served as required by Tenn. R. Civ. P. 4 by personal delivery to the chief executive officer or city attorney." Discovery ensued.

On March 11, 2013, the Town filed a motion for summary judgment against Ms. Doyle. The motion asserted that Ms. Doyle did not effectuate service of process on the Town because she had the summons and complaint served on the Town's Finance Director, Pamela Walker. Despite the fact that the Town raised the defense of insufficient service of process in its answer, the motion noted, Ms. Doyle did not have process reissued pursuant to Rule 3 of the Tennessee Rules of Civil Procedure. The Town claimed in the motion that the one-year

---

[1]Since we are reviewing the grant of a motion to dismiss, we assume the truth of the facts alleged in the plaintiff's complaint. *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012).

[2]The complaint states in one paragraph that Ms. Doyle's employment terminated on February 11, 2011, and in another paragraph it states that Ms. Doyle was suspended on February 11, 2011. Regardless, Ms. Doyle does not dispute that, if service of process on Ms. Walker was insufficient, the one-year statute of limitations had run by the time the motion for summary judgment was filed.

statute of limitations applied to the claims asserted in the complaint, and that the one-year period had lapsed. Consequently, it argued, all of Ms. Doyle's claims were time-barred. On that basis, the Town asked the trial court to grant summary judgment in its favor and dismiss Ms. Doyle's complaint.

In support of the summary judgment motion, the Town attached *inter alia* an affidavit by Ms. Walker stating that, when the summons and complaint were served, she was the Town's Finance Director and not its chief executive officer or the city attorney. The Town also attached affidavits by its chief executive officer and its city attorney; each said he had never been served with the summons or a copy of the complaint in this case.

In response, Ms. Doyle maintained that, on many prior occasions, the Town had accepted, without objection, service of process on individuals other than the Town's chief executive or its city attorney. Ms. Doyle argued that, while she was employed by the Town, she had accepted service of process in lawsuits, without objection. Ms. Doyle argued that Ms. Walker had implied authority to accept service of process and had, in effect, been appointed as a "sub-agent" for receipt of service of process. Ms. Doyle also contended that the Town had waived its objection to service of process by continuing to engage in the litigation, including substantial discovery.

In support of Ms. Doyle's response to the motion for summary judgment, she attached the affidavit of the attorney for Ms. Doyle. The affidavit cited several lawsuits against the Town in which the return of service indicated that Pamela Walker was served with the summons and complaint, and court records showed no objection to service on a person other than the chief executive or city attorney for the Town.

The trial court held a hearing on the motion for summary judgment on July 30, 2013. In its oral ruling, the trial court noted Ms. Doyle's argument that there were a number of prior occasions on which the Town had permitted, without objection, service of process on individuals other than the chief executive or the city attorney. It was not persuaded that the Town had waived the defense in this case because insufficiency of service of process was raised in the answer. It held that there was insufficient service of process and that the statute of limitations had run, and so granted summary judgment in favor of the Town.

On August 14, 2013, the trial court entered a written order granting summary judgment in favor of the Town and attached to the order a transcript of its oral ruling. Ms. Doyle now appeals.

## ISSUES PRESENTED AND STANDARD OF REVIEW

On appeal, Ms. Doyle argues that the trial court erred in holding that Ms. Doyle failed to properly serve process on the Town and that the statute of limitations had expired, and in granting summary judgment in favor of the Town on that basis.

We review the trial court's grant of summary judgment as a question of law, subject to *de novo* review, with no presumption of correctness in the trial court's decision. ***Gossett v. Tractor Supply Co.***, 320 S.W.3d 777, 780 (Tenn. 2010); ***see also Kinsler v. Berkline, LLC***, 320 S.W.3d 796, 799 (Tenn. 2010). "Generally speaking, a defendant moving for summary judgment may avail itself of one of two avenues: it may negate an essential element of the nonmoving party's claim, or it may establish an affirmative defense, such as the statute of limitations, that defeats the claim." ***Allied Sound, Inc. v. Neely***, 909 S.W.2d 815, 820 (Tenn. Ct. App. 1995). Under either avenue, summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; ***Stewart v. Cadna Rubber Co.***, No. W2013-00670-COA-R3CV, 2014 WL 1235993, at *4 (Tenn. Ct. App. Mar. 26, 2014).

The issue in this appeal also requires us to interpret Rule 4.04 of the Tennessee Rules of Civil Procedure. Interpretation of a rule of civil procedure presents a question of law, which we review *de novo* with no presumption of correctness. ***Lacy v. Cox***, 152 S.W.3d 480, 483 (Tenn. 2004). The principles of statutory construction guide our interpretation. ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009) ("Although the rules of civil procedure are not statutes, the same rules of statutory construction apply"). "Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule." ***Fair v. Cochran***, 418 S.W.3d 542, 544 (Tenn. 2013) (citing ***Owens v. State***, 908 S.W.2d 923, 926 (Tenn. 1995). "We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used." ***Fair***, 418 S.W.3d at 544; ***Garrison v. Bickford***, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. ***Fair***, 418 S.W.3d at 544 (citing ***Waldschmidt v. Reassure Am. Life Ins. Co.***, 271 S.W.3d 173, 176 (Tenn. 2008)).

## ANALYSIS

On appeal, Ms. Doyle argues that the Tennessee Rules of Civil Procedure do not abrogate Tennessee caselaw on a corporation's designation of persons as agents for service of process. She contends that the Town can – and did – impliedly confer upon an agent the authority to accept service of process, including a person other than those specified in the Rules.

Moreover, Ms. Doyle maintains, such implied authority to accept service of process can be established circumstantially by evidence of the course of dealing between the principal and agent. She argues that she established that Ms. Walker had such implied authority to accept service of process for the Town, by showing that Ms. Walker had in fact accepted service of process for the Town in prior litigation, and the Town did not object. In the alternative, Ms. Doyle contends that the Town waived any objection by continuing to participate in discovery and engage in the litigation, despite the allegedly defective service of process, and it should be estopped from asserting an objection to service of process under these circumstances.

Rule 3 of the Tennessee Rules of Civil Procedure states that a civil action is commenced by filing the complaint, regardless of whether process is issued or served. However, it also provides:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. Thus, "[o]nce process is issued, a plaintiff who wishes to rely upon the filing to toll the statute of limitations must obtain service of process within 90 days or procure its reissuance before the expiration of one year from the previous issuance of process." Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure* § 2-1(b) (2d ed. 2004) (citing ***Edwards v. Campbell***, No. E2000-01463-COA-R3-CV, 2001 WL 52776, at *6 (Tenn. Ct. App. Jan. 23, 2001)).

Applying Rule 3 to the facts in the instant case, it is undisputed that, after Ms. Doyle served the complaint on Ms. Walker, she did not have process served on any other Town official, and specifically did not serve either the Town's chief executive or its city attorney. Consequently, Ms. Doyle does not dispute that, if service on Ms. Walker was not effective service of process, the statute of limitations was not tolled by the filing of the complaint in this cause. Ms. Doyle also does not dispute that each claim asserted in her complaint is subject to the one-year statute of limitations. Tenn. Code Ann. § 28-3-104 (2013). The complaint in this cause was filed before the one-year limitations period expired. The Town's motion for summary judgement was filed after the one-year limitations period had run.

Therefore, under the undisputed facts of this case, if service of process on Ms. Walker was effective, the complaint was timely filed. If service on Ms. Walker was not effective, the complaint is barred under the one-year statute of limitations.

Rule 4.04(8) of the Tennessee Rules of Civil Procedure provides:

The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service *shall* be made as follows:

* * *

(8) Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

Tenn. R. Civ. P. 4.04(8) (emphasis added). Thus, Rule 4.04 states expressly that service of process on a municipality "shall" be made by delivering the necessary copies of the summons and the complaint to either the "chief executive officer" of the municipality or its "city attorney."

The Tennessee Rules of Civil Procedure, promulgated by our Supreme Court and approved by the General Assembly, "have 'the force and effect of law.' " *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010) (quoting *Crosslin v. Alsup*, 594 S.W.2d 379, 380 (Tenn. 1980)). "Tennessee law directs that Rule 4.04, the key provision at issue in this case, is to be strictly construed." *Hall,* 319 S.W.3d at 571 (citations omitted).

With that principle in mind, courts have rejected the argument that service on a municipality can be effected by serving a copy of the summons and complaint on a person other than the municipality's chief executive officer or its city attorney. For example, in *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397 (Tenn. Ct. App. 2001) (perm. app. den. Jan. 7, 2002), the plaintiff served process on the defendant municipality by leaving a copy of the summons and complaint with the city recorder, in the mayor's office. *Id.* at 398. The trial court dismissed for insufficiency of service of process. *Id.* The plaintiff appealed, arguing that service of process on a representative of the municipality and of the mayor, who could reasonably be thought to have authority to accept service, was sufficient and proper. *Id.* at 398-99. The *Barger* Court differentiated between service of process on a corporation, which may designate an agent to accept service, and service on a municipality. *Id.* at 399. It held: "Tenn. R. Civ. P. 4.04(8) is specific, in that delivery must be upon the chief executive officer, i.e. the mayor, and such was not done in this case." *Id.* (citing *Legleu v. Clarksville Dep't of Electricity*, 944 S.W.2d 364 (Tenn. Ct. App. 1995)). Referring to Rule 4.04(8), the appellate court stated: "[I]f the language of the rule is plain, clear, and unambiguous, the court's duty is [] simply to enforce the rule as written." *Barger,* 63 S.W.3d at 399. On this basis, it affirmed the trial court's dismissal of the plaintiff's complaint. *Id.* at 400. *See also Town of Huntsville v. Scott County*, 269 S.W.3d 57, 59 n. 1, 62 (Tenn. Ct. App. 2008); *Brown v. Nabors*, No. 3:09-cv-0927, 2011 WL 2443882, at *10 n.7 (M. D. Tenn. June 15, 2011).

Based on the plain language of Rule 4.04(8), we must also respectfully reject Ms. Doyle's argument that service on the Town's Finance Director was sufficient. Rule 4.04(8) plainly requires service of process on either the Town's chief executive officer or its city attorney, and we are not at liberty to carve out exceptions that are contrary to the Rule's "unambiguous directives." *Barger*, 63 S.W.3d at 400.

In the alternative, Ms. Doyle contends that the Town waived its objection to the insufficient service of process by continuing to participate in the litigation despite the faulty service of process. This argument has likewise been rejected by Tennessee courts. Once the defense of insufficiency of service of process has been fairly raised, "any other participation in the lawsuit by the defendant does not constitute a waiver." *Barger*, 63 S.W.3d at 399 (citing *Toler v. City of Cookeville*, 952 S.W.2d 831, 834 (Tenn. Ct. App. 1997)). *See also Hall*, 319 S.W.3d at 585 (citing *Barger*); *Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *3 (Tenn. Ct. App. Nov. 21, 2008) (citing *Barger*); *Watson v. Garza*, 316 S.W.3d 589, 599 (Tenn. Ct. App. 2008) (citing *Barger*).

Here, the Town raised the defense of insufficiency of service of process in its answer, and specified that Ms. Doyle failed to effect service of process on the Town "as required by Tenn. R. Civ. P. 4 by personal delivery to the chief executive officer or city attorney." We must respectfully reject Ms. Doyle's argument that the Town waived the objection to service of process by subsequent participation in the litigation.

Overall, then, we find no error in the trial court's grant of summary judgment in favor of the Town on the basis of insufficient service of process. This holding pretermits all other issues raised on appeal.

## CONCLUSION

The decision of the Circuit Court is affirmed. Costs on appeal are assessed against Plaintiff/Appellant Lisa Doyle and her surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE