
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 9, 2018 Session

## WINDELL MIDDLETON v. CITY OF MILLINGTON, TENNESSEE

**Appeal from the Circuit Court for Shelby County**
**No. CT-004165-15     Jerry Stokes, Judge**

_____

### No. W2018-00338-COA-R3-CV

_____

The trial court granted summary judgment to defendant city on the basis of the expiration of the statute of limitations. Specifically, the trial court ruled that plaintiff's complaint was ineffective to toll the statute of limitations where service of process on the city clerk did not comply with Rule 4.04(8) of the Tennessee Rules of Civil Procedure and process was not reissued. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

Allen Gressett, Memphis, Tennessee, for the appellant, Windell Middleton.

Edward J. McKenney, Jr. and William J. Wyatt, Memphis, Tennessee, for the appellee, City of Millington, Tennessee.

### OPINION

### Background

The facts of this case are largely undisputed for purposes of this appeal. A car accident occurred on October 21, 2014, between Plaintiff/Appellant Windell Middleton and a Millington City Police Officer. Mr. Middleton filed a complaint against the police officer[1] and Defendant/Appellee City of Millington ("the City") on October 5, 2015. On October 6, 2015, a summons was issued to the City, directed to the Mayor or "any agent

_____

[1] The claim against the police officer was later dismissed without prejudice. It is not at issue in this appeal.

or employee authorized to accept service." On October 16, 2015, a private process server filed a return of service and affidavit indicating that service was accomplished on October 13, 2015 to Karen Findley, City Clerk, at the address of the Mayor's office.

The City filed an answer on November 30, 2015. In addition to denying that the accident was caused by the police officer or that any damage to Mr. Middleton resulted, the City raised as an affirmative defense insufficiency of service of process. Specifically, the answer stated that, "[the] City was not served as required by Tenn. R. Civ. P. 4.04(8). The summons and complaint were not delivered personally to the Mayor or to the City Attorney. Consequently, service is not effective." Despite this answer, there is no dispute that Mr. Middleton made no effort to reissue service or to serve any of the individuals listed in the answer.

On February 28, 2017, the City filed a motion for summary judgment arguing: (1) that service to the City Clerk was not effective service pursuant to Rule 4.04(8) of the Tennessee Rules of Civil Procedure; and (2) in the absence of effective service, the statute of limitations was not tolled and had expired. In support of this motion, the City filed affidavits from Terry Jones, the City's Mayor, and Charles R. Perkins, the city attorney, both stating that they had not been served with process in this case. Mr. Middleton responded in opposition on January 8, 2018, arguing that service on Ms. Findley was sufficient under Rule 4.04(8). In support, Mr. Middleton attached the affidavit of the private process server who had served Ms. Findley, as well as several provisions of the Millington City Charter, which he argued showed that Ms. Findley had authority to accept service of process on behalf of the City. Eventually, the trial court granted the motion for summary judgment by order of January 30, 2018, ruling service was ineffective under Rule 4.04(8), process was not reissued, and that, as a result, Mr. Middleton could not rely on the initial filing of the complaint to toll the applicable statute of limitations. As such, the trial court ruled that Mr. Middleton's action was barred by the applicable statute of limitations. Mr. Middleton thereafter timely appealed.

**Analysis**

As we perceive it, this appeal involves a single issue: whether the trial court erred in granting summary judgment to the City on the basis that service was improper under Rule 4.04(8) of the Tennessee Rules of Civil Procedure, thereby resulting in the expiration of the statute of limitations. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. This Court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See **City of Tullahoma v. Bedford Cnty.**, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor.

2

*Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

To the extent that this case requires us to interpret rules of civil procedure, we keep the following principles in mind:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox,* 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

Here, there is no dispute that the applicable statute of limitations requires that Mr. Middleton's claim be filed within one year "after the cause of action arises." Tenn. Code Ann. § 29-20-305(b) (providing a one-year statute of limitations to claims brought pursuant to the Tennessee Governmental Tort Liability Act). Although Mr. Middleton's claim was indeed filed within one year of the car accident at issue, Rule 3 of the Tennessee Rules of Civil Procedure provides additional requirements related to the statute of limitations:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Rule 4 of the Tennessee Rules of Civil Procedure describes the requirements necessary to obtain proper service of process on defendants. *See generally* Tenn. R. Civ. P. 4.01–4.09. "[A]ctual notice does not excuse the failure to serve process in compliance with our Rules of Civil Procedure." **Hall v. Haynes**, 319 S.W.3d 564, 574 (Tenn. 2010) (citing **Frye v. Blue Ridge Neuroscience Ctr., P.C.**, 70 S.W.3d 710, 715 (Tenn. 2002)).

Upon a plain reading of Rule 3, it provides that "an action is commenced with the filing of a complaint, whether or not process is issued." **Stempa v. Walgreen Co.**, 70 S.W.3d 39, 42 (Tenn. Ct. App. 2001). "[T]he commencement of the lawsuit does not hinge on the issuance of summons, at least not initially" for statute of limitations purposes. **Harris v. Marriot Intern., Inc.**, No. M1999-00096-COA-R3-CV, 2001 WL 378552, at *2 (Tenn. Ct. App. Apr. 17, 2001). Rule 3 cannot, however, be read in isolation. Rather, Rules 3 and 4 of the Tennessee Rules of Civil Procedure should be read together, because "[s]tanding alone [] Rule . . . 3 could be construed to mean that filing a complaint alone is sufficient to commence an action." **McNeary v. Baptist Mem'l Hosp.**, 360 S.W.3d 429, 439 (Tenn. Ct. App. 2011). Instead, "Tennessee Rules of Civil Procedure 3 and 4 . . . also require[] service of process." **Id.** at 439. This Court has explained "that 'the term "process" in Rule 3 refers to a summons, and the word "summons" in Rule 4 is the process in Rule 3.'" **Id.** at 437. Finally, Rule 3's use of the phrase "regardless of the reason" clearly shows that the "reason" process was not issued is not considered by the court. **Stempa**, 70 S.W.3d at 43. Thus, pursuant to Rule 3, "a plaintiff can rely on the initial filing of a complaint to toll the statute of limitations so long as process is issued within one year of the filing of the complaint." **Id.** at 44.

In this case, process was undisputedly issued within one year of the complaint. The City argues, however, that the requirements of Rule 3 were not met because service was not accomplished on the City and no process was reissued within the time allowed by Rule 3. In order to resolve this dispute, we therefore turn to consider the service of process rules applicable to the City. Pursuant to Rule 4.04 of the Tennessee Rules of Civil Procedure, service of process "[u]pon a municipality" is accomplished "by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney." Tenn. R. App. P. 4.04(8). The City contends in the absence of proof that service of process was served on the City's chief executive officer, in this case Mayor Jones, or the city attorney, service was not effective.

Mr. Middleton concedes that service of process was not personally delivered to either Mayor Jones or the city attorney. Mr. Middleton nevertheless argues that service was accomplished on the City through delivery to Ms. Findley, citing **Bonds v. Chandler**, No. 10, 1986 WL 15860 (Tenn. Ct. App. June 10, 1986). In **Bonds**, the plaintiff sued the City of Memphis, which suit the city sought to dismiss due to insufficient service of process and the expiration of the statute of limitations. **Id.** at *1. The trial court allowed the plaintiff to issue an alias summons as to the city and denied the motion to dismiss. **Id.** On appeal, the city argued that it did not receive appropriate service of process so as to toll the applicable statute of limitations. **Id.** The Court of Appeals held that the summons

4

was properly served pursuant to Rule 4.04(8) where it was directed to the city, identified the mayor of the city as the defendant, and was served on an assistant city attorney. ***Id.*** at *1–*2.

Mr. Middleton contends that the facts in this case are identical. The summons was issued to the City, directed toward the Mayor or any individual authorized to accept service of process on his behalf, and actually served on an individual working at the Mayor's office. Under these circumstances, Ms. Middleton asserts that "delivery" of the summons to the Mayor was accomplished. Tenn. R. Civ. P. 4.04(8) (requiring "delivery" of the summons). Thus, Mr. Middleton argues that the ***Bonds*** opinion mandates reversal of the trial court's order of dismissal on the basis that service was not accomplished pursuant to Rule 4.04(8).

In turn, the City cites another more recent case that it contends requires dismissal in this circumstance, ***Doyle v. Town of Oakland***, No. W2013-02078-COA-R3-CV, 2014 WL 3734971 (Tenn. Ct. App. July 28, 2014). In ***Doyle***, the plaintiff again sued a municipality. ***Id.*** at *1. A summons was issued and eventually served on the city's finance director. The city raised the alleged deficiency in service in its answer, but the plaintiff did not reissue summons. More than one year from issuance of the initial summons, the defendant city filed a motion for summary judgment, arguing that service was not accomplished pursuant to Rule 4.04(8) and that because a summons was not reissued in the time allowed by Rule 3, the statute of limitations had expired. ***Id.*** at *2. In response, the plaintiff attached evidence that the finance director had previously accepted service on behalf of the defendant city on numerous occasions to no ill effect. ***Id.*** The trial court was not persuaded by the plaintiff's argument and dismissed the complaint. ***Id.***

On appeal, the plaintiff argued that the city "can—and did—impliedly confer upon an agent the authority to accept service of process, including a person other than those specified in the Rules." ***Id.*** at *3. The plaintiff further argued that the course of dealing established by the evidence was sufficient to show this implied authority. ***Id.*** The Court of Appeals, however, rejected the plaintiff's arguments, ruling instead that service on the city's finance director was insufficient to meet the requirements of Rule 4.04(8). ***Id.*** at *4–*5.

In reaching this result, the court first noted that "Rule 4.04 states expressly that service of process on a municipality 'shall' be made by delivering the necessary copies of the summons and the complaint to either the 'chief executive officer' of the municipality or its 'city attorney'" and that this rule must be strictly construed. ***Id.*** at *4 (citing ***Hall v. Haynes***, 319 S.W.3d 564, 571 (Tenn. 2010)). As such, the court explained:

> With that principle in mind, courts have rejected the argument that service on a municipality can be effected by serving a copy of the summons and complaint on a person other than the municipality's chief executive

officer or its city attorney. For example, in *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397 (Tenn. Ct. App. 2001) (*perm.app.den.* Jan.7, 2002), the plaintiff served process on the defendant municipality by leaving a copy of the summons and complaint with the city recorder, in the mayor's office. *Id.* at 398. The trial court dismissed for insufficiency of service of process. *Id.* The plaintiff appealed, arguing that service of process on a representative of the municipality and of the mayor, who could reasonably be thought to have authority to accept service, was sufficient and proper. *Id.* at 398–99. The *Barger* Court differentiated between service of process on a corporation, which may designate an agent to accept service, and service on a municipality. *Id.* at 399. It held: "Tenn. R. Civ. P. 4.04(8) is specific, in that delivery must be upon the chief executive officer, i.e. the mayor, and such was not done in this case." *Id.* (citing *Legleu v. Clarksville Dep't of Electricity*, 944 S.W.2d 364 (Tenn. Ct. App. 1995)). Referring to Rule 4.04(8), the appellate court stated: "[I]f the language of the rule is plain, clear, and unambiguous, the court's duty is [ ] simply to enforce the rule as written." *Barger*, 63 S.W.3d at 399. On this basis, it affirmed the trial court's dismissal of the plaintiff's complaint. *Id.* at 400. *See also Town of Huntsville v. Scott County*, 269 S.W.3d 57, 59 n.1, 62 (Tenn. Ct. App. 2008); *Brown v. Nabors*, No. 3:09-cv-0927, 2011 WL 2443882, at *10 n.7 (M.D. Tenn. June 15, 2011).

Based on the plain language of Rule 4.04(8), we must also respectfully reject Ms. Doyle's argument that service on the Town's Finance Director was sufficient. Rule 4.04(8) plainly requires service of process on either the Town's chief executive officer or its city attorney, and we are not at liberty to carve out exceptions that are contrary to the Rule's "unambiguous directives." *Barger*, 63 S.W.3d at 400.

*Doyle*, 2014 WL 3734971, at *4–*5. Thus, the court ruled that service on an individual other than the chief executive officer or city attorney was ineffective regardless of any claim of agency. In a similar case, this court likewise affirmed the dismissal of an action against a municipality where process was served on an administrative assistant employed by the defendant city. *See Moore v. City of Clarksville*, No. M2016-00296-COA-R3-CV, 2016 WL 6462193, at *5 (Tenn. Ct. App. Oct. 31, 2016).

The situation in this case is largely identical. Here, Mr. Middleton served not the City's chief executive officer or city attorney but another individual employed by the city. As in *Doyle*, we agree that Rule 4.04(8) expressly and unambiguously requires that service on a municipality be accomplished only through the chief executive officer or city attorney. *Id.* (citing Tenn. R. Civ. P. 4.04(8)). Indeed, unlike other portions of Rule 4.04, which expressly state that service may be accomplished on agents of the stated individual or defendant, Rule 4.04(8) does not indicate that service on a municipality may be

6

accomplished by serving the agent of the chief executive officer or city attorney. *Compare* Tenn. R. 4.04(1) (involving service on an individual, which may be accomplished "by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served"); Tenn. R. 4.04(3) (involving service on a partnership or unincorporated association, which may be accomplished "by delivering a copy of the summons and of the complaint . . . to an agent authorized by appointment or by law to receive service on behalf of the partnership or association"); Tenn. R. 4.04(4) (involving service on a domestic corporation, which may be accomplished "by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation"), *with* Tenn. R. 4.04(8) (including no mention of service to an agent of a municipality). Likewise, with regard to service of process to counties, Rule 4.04(7) expressly authorizes service upon the county clerk, should the other designated individuals be unavailable pursuant to the terms of the rule. *See* Tenn. R. Civ. P. 4.04(7) (stating that service may be accomplished "[u]pon a county, by delivering a copy of the summons and of the complaint to the chief executive officer of the county, or if absent from the county, to the county attorney if there is one designated; if not, by delivering the copies to the county court clerk"). Rule 4.04(8) contains no similar language allowing service on a city clerk. Under the doctrine of *expressio unius est exclusio alterius*, "'where the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposefully in the subject included or excluded.'" **State v. Pope**, 427 S.W.3d 363, 368 (Tenn. 2013) (quoting **State v. Loden**, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995)). Although Rule 4.04 is admittedly not a statute, it is well-settled that we apply the rules of statutory construction in interpreting and applying our rules of civil procedure. *See* **Thomas v. Oldfield**, 279 S.W.3d 259, 261 (Tenn. 2009) (applying the rules of statutory construction to Tennessee's civil procedure rules).

As such, we agree with the analysis in **Doyle** concerning the proper interpretation of Rule 4.04(8). Here, the **Doyle** case clearly and cogently analyzed the exact issue raised in this case by relying on controlling caselaw from our supreme court. In contrast, it is difficult to determine from the **Bonds** case what objection the defendant had to the service; the court focuses more on the issue of who the process was directed toward than who accepted service.[2] **Bonds**, 1986 WL 15860, at *1–*2. Even more importantly, **Bonds** was decided well before the Tennessee Supreme Court's decision in **Barger**. The **Barger** decision makes clear that, despite Mr. Middleton's argument otherwise, delivery to the office of the mayor is insufficient to constitute proper service under Rule 4.04(8). *See* **State ex rel. Barger v. City of Huntsville**, 63 S.W.3d 397, 398–400 (Tenn. Ct. App.

---

[2] Based on this analysis, Mr. Middleton's brief contains some argument concerning this issue with regard to the case-at-bar. As we perceive it, the deficiency in this case is not that the process was directed to the wrong individual, but was served on the wrong individual. As such, this analysis is largely inapposite the dispute in this case.

2001) (holding that service of process was ineffective where the summons and complaint were left at the mayor's office). Thus, considering *Doyle*, the plain language of Rule 4.04(8), and the familiar rules of statutory construction, we conclude that personal service under Rule 4.04(8) must be accomplished by service on either the chief executive officer or city attorney; otherwise, service is simply ineffective.

Mr. Middleton nevertheless argues that this Court should reverse summary judgment because he presented evidence that Ms. Findley in fact had authority to act in this case, citing previous cases in which service on Ms. Findley was not objected to by the City, as well as the City's charter as support for this agency relationship. According to Mr. Middleton, the trial court failed to address these arguments, which create genuine disputes of material fact making summary judgment inappropriate. Respectfully, we disagree. As previously discussed, the court in *Doyle* specifically rejected the argument that an agent could accept service of process on behalf of the chief executive officer or city attorney, despite evidence of a course of dealing involving that practice. *See Doyle*, 2014 WL 3734971, at *4–*5. The same argument is equally unavailing in this case given our interpretation of Rule 4.04(8).

Likewise, we are not persuaded that the Millington City Charter, which gives Ms. Findley, as City Clerk, certain duties related to the keeping of records, has any relevance to our analysis. As an initial matter, we note that Mr. Middleton has not pointed to any specific provision in the Millington City Charter that expressly authorizes the City Clerk to accept service of process on behalf of the chief executive officer or city attorney. Even if we were to conclude, however, that the City Charter provided that the City Clerk could serve as the agent of the chief executive officer or the City for purposes of service of process, such a delegation of authority would conflict with Rule 4.04(8), which does not authorize service on a municipality through an agent, as detailed above. Any such conflict must be resolved in favor of our rules of civil procedure. In a similar situation, this Court has held that "[t]o the extent that the Town charter conflicts with state statutes, the charter must, of course, yield to the law of the State." *Depot Prop., LLC v. Town of Arlington, Tenn.*, No. W2010-01488-COA-R3-CV, 2011 WL 334472, at *6 (Tenn. Ct. App. Jan. 31, 2011) (citing *Waldorf v. City of Chattanooga*, 192 Tenn. 86, 237 S.W.2d 939, 941 (Tenn. 1951)); *see also Sons of Confederate Veterans Nathan Bedford Forrest Camp #215 v. City of Memphis*, No. W2017-00665-COA-R3-CV, 2017 WL 4842336, at *9 (Tenn. Ct. App. Oct. 24, 2017) (holding that while a city charter created by private act will be upheld even where it conflicts with the common law, charters created by private act that conflict with statutes of general application must be "struck down") (quoting *Sandford v. Pearson*, 190 Tenn. 652, 657–58, 231 S.W.2d 336, 338 (Tenn. 1950)).[3]

---

[3] Mr. Middleton mischaracterizes the holding in *Sons of Confederate Veterans Nathan Bedford Forrest Camp #215*, stating that the court held that city's decision to change the name of a park was authorized despite conflicting with Tennessee Code Annotated section 6-54-512. In reality, this Court held

8

Again, while rules of procedure are not statutes, "'[t]he rules governing practice and procedure in the trial and appellate courts of Tennessee were promulgated by the General Assembly and the Supreme Court . . . [and] have the force and effect of law.'" *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002) (quoting *Crosslin v. Alsup*, 594 S.W.2d 379, 380 (Tenn. 1980)). Indeed, Tennessee statutes provide the Tennessee Supreme Court with authority to provide rules for "the practice and procedure in all of the courts of this state." Tenn. Code Ann. § 16-3-402. Once adopted and "[a]fter the rules have become effective, all laws in conflict with the rules shall be of no further force or effect." Tenn. Code Ann. § 16-3-406. Thus, even assuming the Millington City Charter authorizes the City Clerk to act as the mayor's agent in this way, to allow the Millington City Charter to "supersede" Rule 4.04(8), as Mr. Middleton argues, would clearly conflict with section 16-3-406. Mr. Middleton's argument that the Millington City Charter allows service to an agent in contravention of the plain language of Rule 4.04(8) is therefore unavailing.

Simply put, Rule 4.04(8) unambiguously requires that service on a municipality be accomplished on the chief executive officer or city attorney. This rule must be strictly construed and enforced in this case. *See* **Hall v. Haynes**, 319 S.W.3d 564, 571 (Tenn. 2010) ("Tennessee law directs that Rule 4.04, the key provision at issue in this case, is to be strictly construed."). As such, allegations of agency, implied, actual, or apparent, do not alter the result, as the plain language of Rule 4.04(8) simply does not authorize service on an agent in this situation. Here, the undisputed facts show that process was never served on either the City's chief executive officer or city attorney. Following the initial issuance of process on October 6, 2015, no process was ever reissued. Because process was not properly served and was not reissued within one year of issuance, the commencement of the lawsuit did not serve to toll the applicable statute of limitations. *See* Tenn. R. Civ. P. 3. Without proper service as required under Rules 3 and 4.04(8), the statute of limitations has long since expired. *See* Tenn. Code Ann. § 29-20-305(b). Consequently, the trial court did not err in granting summary judgment on the basis that this action was barred by the applicable statute of limitations.

We understand that this result may seem harsh, particularly given the allegations that Ms. Findley informed the process server that she was authorized to accept service of process on behalf of the City. We note, however, that the result in this case could easily have been avoided. Here, the City filed an answer giving a detailed explanation of the defect related to service of process on November 30, 2015. At this time, Mr. Middleton had more than ten months to reissue process and thereafter attempt to serve an individual designated by Rule 4.04(8). The City filed its motion for summary judgment only once this deadline had passed with no action on Mr. Middleton's part. As such, Mr. Middleton

---

that section 6-54-512 was inapplicable because the plaintiff failed to show that the change was permanent in nature. 2017 WL 4842336, at *5.

had notice and ample time to correct the defect in this case but simply chose to rely on what is now known to be defective service. The judgment of the trial court is therefore affirmed.

## Conclusion

The judgment of the trial court is affirmed, and this matter is remanded for all further proceedings as are necessary and consistent with this opinion. Costs of this appeal are taxed to Appellant Windell Middleton, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE